IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| George Gleeson, | ) | |
| | ) | **ORDER GRANTING DEFENDANTS'** |
| Plaintiff, | ) | **MOTION FOR SUMMARY JUDGMENT** |
| | ) | |
| vs. | ) | |
| | ) | |
| Michael Jackson and Quincy Jones, | ) | Case No. 1:05-cv-088 |
| | ) | |
| Defendants. | ) | |

_____

On August 1, 2005, the plaintiff, George Gleeson, filed a pro se complaint against the defendants, Michael Jackson and Quincy Jones. The complaint appears to allege various copyright violations against Jackson and Jones which include, but are not limited to, the alleged theft of the songs "Thriller," "We are the World," and "Do You Remember," as well as theft of the popular dance referred to as the "moonwalk."

On January 10, 2006, the defendants filed various pleadings which included a motion for summary judgment. The defendants contend that they are entitled to summary judgment because the three-year statute of limitations has expired and Gleeson has also failed to establish a prima facie case of copyright infringement. Gleeson filed a response to the motion on January 18, 2006. See Docket No. 22. For the reasons set forth below, the defendant's motion for summary judgment is granted.

I.  **LEGAL DISCUSSION**

    A.  **STANDARD OF REVIEW**

It is well-established that summary judgment is appropriate when, viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Graning v. Sherburne County, 172 F.3d 611, 614 (8th Cir. 1999). A fact is "material" if it might affect the outcome of the case and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The basic inquiry for purposes of summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Quick v. Donaldson Co., Inc., 90 F.3d 1372, 1376 (8th Cir. 1996). The moving party has the initial burden of demonstrating to the Court that there are no genuine issues of material fact. If the moving party has met this burden, the non-moving party cannot simply rest on the mere denials or allegations in the pleadings. Instead, the non-moving party must set forth specific facts showing that there are genuine issues for trial. Fed.R.Civ.P. 56(e). A mere trace of evidence supporting the non-movant's position is insufficient. Instead, the facts must generate evidence from which a jury could reasonably find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

    B.  **STATUTE OF LIMITATIONS**

The gist of Gleeson's complaint concern allegations that the songs "Thriller" and "We are the World" were written and copyrighted by Gleeson, and that these songs were stolen by Michael

Jackson and Quincy Jones which resulted in the alleged copyright violations. Gleeson has also alleged that the song "Do You Remember" sung by Michael Jackson, was also stolen as well as the popular dance step commonly referred to as the "moonwalk" and associated choreography. Suffice it to say that the numerous allegations of wrongdoing set forth in the complaint and other hand-written documents submitted by Gleeson are less than clear. Included among the written submissions are references to other potential claims relating to criminal actions in South Dakota and a revival of the death penalty in South Dakota.

With respect to the claims of copyright infringement, it is well-established that no civil action can be maintained under federal law unless it is commenced within three (3) years after the claim accrued. 17 U.S.C. § 507(b). A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge. Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994).

In this case, it is undisputed that the plaintiff, George Gleeson, knew or should have known of Michael Jackson's performance of the songs "Thriller," "We Are the World," and "Do You Remember," as well as the dance move "moonwalk," for more than twenty years. The songs and the popular dance move performed by the infamous Jackson have been a matter of common knowledge since the mid-1980's.[1] However, more important is the fact that it is undisputed from the record that Gleeson had specific knowledge of the songs and a potential claim for copyright infringement since at least 1984. In his original complaint filed on August 7, 2005, (Docket No. 1), Gleeson said he "reported to FBI agent Willis Bismarck, N.D. 1984 approx told to civily sue

---

[1] Michael Jackson currently resides in the country of Bahrain since his acquittal in a harrowing child molestation trial last year in California.

3

defendants in Federal Courts..." In a hand-written pleading filed by Gleeson on October 12, 2005, Gleeson again stated that he had reported the copyright infringement to "N.D. Former F.B.I. agent Willis and in 1984, 85, the ascertained legal right too recover monetarily damages for listed offenses by defendants." Docket No. 20, p. 2. As a result, it is clear and undisputed from the record that Gleeson's claims of copyright infringement accrued in 1984 or 1985 and are time-barred. Gleeson should have commenced a civil lawsuit within three years of when he first contacted F.B.I. Agent Willis (1984-1985) about the alleged copyright infringement, and when Gleeson became aware of his right to pursue a claim in federal court. A civil lawsuit could have been commenced, and should have been commenced, in 1987 or 1988 at the latest. This lawsuit was not commenced until August 2005, and is clearly time-barred by the three-year statute of limitations. Gleeson now seeks damages in excess of $75 million against Michael Jackson and Quincy Jones as a result of the alleged copyright violations.

In addition, in order to establish a copyright infringement, the plaintiff must show (1) ownership of the copyright; and (2) infringement, meaning that the defendant copied the plaintiff's protected work. Three Boys Music Corp. v. Bolton, 212 F.3d 477, 481 (9th Cir. 2000). In the absence of any direct evidence of copying of the protected work, proof of infringement involves fact-based showings that the defendant had access to the plaintiff's work and that the two works are "substantially similar." Id.

Gleeson has failed to present a showing that he ever owned a copyright to any of the above-entitled songs or to Jackson's famous dance move, the "moonwalk." There has been a failure to establish a prima facie case demonstrating any copyright ownership of the songs in question or to

4

the popular dance step "moonwalk." Summary judgment as a matter of law is appropriate under the circumstances.

For the reasons set forth above, the Defendants' Motion for Summary Judgment is GRANTED. The claims of copyright infringement are clearly time-barred under federal law.

IT IS SO ORDERED.

Dated this 24th day of February, 2006.

_____
Daniel L. Hovland, Chief Judge
United States District Court